IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY** | * | |
| P.O. Box 950 | * | |
| One Bala Plaza, Suite 100 | | |
| Bala Cynwyd, PA 19004 | * | |
| **Plaintiff** | * | |
| v. | * | |
| **Mayor and City Council of Baltimore** | * | Civil Action No. 24-cv-002979 |
| 401 E. Fayette Street, Suite 700 | | |
| Baltimore, MD 21202-3419 | * | |
| Serve: | * | |
| Ebony Thompson | | |
| Acting City Solicitor | * | |
| 100 Holliday Street | | |
| Baltimore, MD 21202 | * | |
| and | * | |
| **Jennifer Pollard, Parent of Minor, A.K.P.** | * | |
| **Kaitlyn McGuire** | | |
| **Cassidy Cosgrove** | * | |
| **Jewl Morales, Parent of Minor, H.M.** | | |
| **Leila Word** | * | |
| **Dana Minor** | | |
| **Jessica Lewis, Parent of Minor, L.G.L.** | * | |
| **Kayla Grace Horn** | | |
| **Katherine Ryan** | * | |
| **Beth Ryan, Parent of Minor, C.R.** | | |
| **Kara Thackston** | * | |
| **Nicki Marino, Parent of Minor, N.Z.** | | |
| **Kimberly Miller, Parent of Minor, B.M.** | * | |
| **Carolyne Grace Francis** | | |
| **Aaliyah Marie Floyd** | * | |
| **Savannah Collins** | | |
| **Jane Does 1-24** | * | |

| | |
|---|---|
| Serve: | |
| Philip Federico | * |
| 6225 Smith Avenue | |
| Suite 200B | * |
| Baltimore, MD 21209 | |
| | * |
| and | |
| | * |
| **Starpower, Inc.** | |
| 163 Mitchells Chance Road, #225 | * |
| Edgewater, MD 21037 | |
| | * |
| Serve: | |
| Mark Barondess | * |
| 1695 Epping Farms Lane | |
| Annapolis, MD  21401 | * |
| | |
| and | * |
| | |
| **Stardance Alliance, LLC** | * |
| 163 Mitchells Chance Road, #225 | |
| Edgewater, MD 21037 | * |
| | |
| Serve: | * |
| Mark Barondess | |
| 1695 Epping Farms Lane | * |
| Annapolis, MD  21401 | |
| | * |
| and | |
| | |
| **Power Productions, LLC** | * |
| 163 Mitchells Chance Road, #225 | |
| Edgewater, MD 21037 | * |
| | |
| Serve: | * |
| Mark Barondess | |
| 1695 Epping Farms Lane | * |
| Annapolis, MD  21401 | |
| | |
| **Defendants** | * |

*   *   *   *   *   *   *   *   *   *   *   *   *

**COMPLAINT FOR DECLARATORY JUDGMENT**

Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Philadelphia Indemnity Insurance Company brings this suit for Declaratory Judgment against Defendants and states as follows:

**PARTIES**

1. Philadelphia Indemnity Insurance Company ("PIIC") is an insurance company organized and existing in the Commonwealth of Pennsylvania.

2. The individual Defendants and Jane Does Nos. 1-24 are adults and/or minors who are residents of the State of Maryland, the Commonwealth of Virginia, or the State of South Carolina.

3. The Mayor and City Council of Baltimore ("the City") is a governmental entity that exists and has its principal place of operation in Baltimore, Maryland.

4. Starpower, Inc., Stardance Alliance, LLC, and Power Productions, LLC (collectively, "Starpower") are, respectively, a Maryland corporation and limited liability companies that have related ownership, with their principal place of business in the State of Maryland.

**JURISDICTION AND VENUE**

5. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction because the amount in controversy exceeds $75,000 and the parties have complete diversity of citizenship.

6. Pursuant to 28 U.S.C. § 2201, the matter in controversy involves a declaration of the rights, duties, and obligations of the parties under insurance policies and other contracts.

7. This Court is the proper venue for this dispute because the events subject to the underlying case took place in this jurisdiction and the involved policy of insurance was issued in this jurisdiction.

## THE UNDERLYING CASE

8. On May 1, 2024, the Individual Defendants and Jane Does Nos. 1-24 filed a Complaint in the Circuit Court for Baltimore City, Case No. 24-CV-24-00045, against the Mayor and City Council of Baltimore, Starpower, Inc., Stardance Alliance, LLC, and Power Productions, LLC, alleging negligence, intrusion upon seclusion, and intentional infliction of emotional distress ("the Underlying Case").

9. The Individual Plaintiffs and Jane Does alleged that they suffered damages when an employee of the City, Kevin Carrington, acting as a security guard at the Baltimore Convention Center, observed and filmed them while they were undressing in a dressing area during a dance competition being held at the Convention Center.

10. Mr. Carrington's actions were discovered, and he was terminated from his position and prosecuted for the actions.

## THE PIIC POLICY

11. At the time of the incident involved in the Underlying Case, PIIC had issued to the City a Commercial General Liability Policy of insurance Policy No. PHPK1674273, policy period July 1, 2017-July 1, 2018 ("the Policy"). The Baltimore Convention Center is listed as an insured location.

12. The Limits of Insurance are: $1,000,000 per occurrence/$2,000,000 in the aggregate for Coverage A. The Limits of Insurance are $1,000,000 for Coverage B - Personal and Advertising Injury.

13. The Policy provides in relevant part as follows:

**Coverage A - Bodily Injury and Property Damage Liability**

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

**Coverage B - Personal and Advertising Injury Liability**:

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

* *       *

**Section III – Limits of Insurance**

1. The Limits of Insurance shown in the declarations and the rules below fix the most we will pay regardless of the number of:
    a. Insureds;
    b. Claims made or "suits" brought; or
    c. Persons or organizations making claims or bringing "suits."

2. The General Aggregate Limit is the most we will pay for the sum of:
    a. Medical expenses under Coverage C;

5

  b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard;" and

  c. Damages under Coverage B.

4. Subject to Paragraph 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of "personal and advertising injury" sustained by any one person or organization.

14. "Bodily injury" is defined in the Policy as "bodily injury, sickness or disease sustained by a person, and includes mental anguish resulting from any of these."

15. The Underlying Case does not allege that the Individual plaintiffs or Does Nos. 1-24 experienced any physical or bodily injury, distinct from mental anguish.

16. Coverage A includes the following exclusion:

  **B.**  **Exclusions**

  **a. Expected or Intended Injury**
  "Bodily injury" or "property damage," expected or intended from the standpoint of the "insured".

17. The Policy defines "personal and advertising injury", in relevant part, as:

Injury, including consequential "bodily injury", arising out of one or more of the following offenses:

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, by or on behalf of its owner, landlord, or lessor; . . .
e. Oral or written publication, in any manner, of material that violates a person's right of privacy.

18. The Underlying Case does not allege and there is no evidence that Carrington's actions were taken "by or on behalf of" the City.

6

19. Although the Underlying Case alleges that Carrington took photos on his phone of the security camera views into the dressing area, there is no evidence that there was publication of those photos in any manner.

20. Coverage B includes the following exclusion:

**2. Exclusions**
This insurance does not apply to:
**a. Knowing Violation Of Rights Of Another**
"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

21. The Policy contains the following endorsement:

**ABUSE OR MOLESTATION EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and Paragraph **2. Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
2. The negligent:
    **a.** Employment;
    **b.** Investigation;
**c.** Supervision;
**d.** Reporting to the proper authorities, or failure to so report; or
**e.** Retention;
of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above.

7

22. PIIC has been providing a defense to the City pursuant to a reservation of rights.

23. Pursuant to the Local Government Tort Claims Act, Ct. & Jud. Proc. §§5-301 *et seq.*, the City's potential legal liability for all damages to the Individual Plaintiffs and Does Nos. 1-24 is limited to $800,000.

24. There exists an actual, justiciable controversy as to whether PIIC is obligated under the Policy to indemnify the City for any judgment rendered against the City in the underlying Case.

25. There exists an actual, justiciable controversy as to whether, if PIIC has an indemnification obligation, its obligations are limited to the City's potential legal liability of $800,000, pursuant to the Local Government Tort Claims Act, Ct. & Jud. Proc. §§5-301 *et seq.*

## COUNT 1
### Declaratory Judgment – The PIIC Policy does not provide coverage under Coverage A.

26. Plaintiff specifically incorporates all of the above allegations as if set forth fully herein.

27. The Policy does not provide coverage under Coverage A because the Individual Defendants and Does Nos. 1-24 have not alleged or proved bodily injury or property damage.

28. The Policy does not provide coverage under Coverage A because the Underlying Case alleges that Carrington acted intentionally in his actions that caused the alleged harm.

29. Maryland law has defined sexual abuse of a minor to include exploitation, including taking photographs or videos of a minor in states of undress and for the perpetrator's benefit, even where there is no further use or distribution of the images.

8

30. Maryland law states that any action of sexual abuse of a minor is inherently an intentional act excluded from coverage.

## COUNT 2

**Declaratory Judgment – The PIIC Policy does not provide coverage under Coverage B.**

31. Plaintiff specifically incorporates all of the above allegations as if set forth fully herein.

32. The Policy does not provide coverage under Coverage B because the Individual Defendants and Does Nos. 1-24 have not alleged or proved that Carrington's actions were by or on behalf of the City.

33. The Policy does not provide coverage under Coverage B because the Underlying Case alleges that Carrington acted knowing that his actions were a violation of the rights of others.

34. Maryland law has defined sexual abuse of a minor to include exploitation, including taking photographs or videos of the minor in states of undress and for the perpetrator's benefit, even where there is no further use or distribution of the images.

35. Maryland law states that any action of sexual abuse of a minor is inherently an intentional act excluded from coverage.

## COUNT III
**Declaratory Judgment – Coverage is excluded by the Abuse and Molestation Endorsement**

36. Plaintiff specifically incorporates all of the above allegations as if set forth fully herein.

37. The Underlying Case alleges that the City is liable as a result of its employment of Keving Carrington and failure to take steps to prevent Kevin Carrington from taking the actions that allegedly caused injury.

38. Maryland law has defined sexual abuse of a minor to include exploitation, including taking photographs or videos of the minor in states of undress and for the perpetrator's benefit, even where there is no further use or distribution of the images.

39. All claims in the Underlying Case are barred from coverage by the Abuse and Molestation Exclusion endorsement.

## COUNT IV
### Declaratory Judgment – PIIC's limit of liability is limited to the City's liability.

40. Plaintiff specifically incorporates all of the above allegations as if set forth fully herein.

41. In the event that the Court determines that there is coverage for the claims in the Underlying Case, that coverage is limited to the City's potential legal liability of $800,000, as stated in the Insuring Agreements for Coverage A and Coverage B.

42. The claims in the Underlying Case state one occurrence and/or one event of "personal and advertising injury" for the purposes of the Limits of Insurance.

### REQUEST FOR RELIEF

43. WHEREFORE, Plaintiff Philadelphia Indemnity Insurance Company requests this Honorable Court enter judgment in its favor and declare as follows:

   a. PIIC has no obligation to indemnify the Mayor and City Counsel under Coverage A;

b. PIIC has no obligation to indemnify the Mayor and City Counsel under Coverage B;

c. PIIC has no obligation to indemnify the Mayor and City Counsel pursuant to the Abuse and Molestation Exclusion; or

d. In the alternative, PIIC's limit of liability for all indemnification is $800,000; and

e. Any further relief this Court deems necessary and appropriate.

       /s/ *Margaret Fonshell Ward*
Margaret Fonshell Ward (04586)
DOWNS WARD BENDER HERZOG & KINTIGH, P.A.
Executive Plaza 3, Suite 400
11350 McCormick Road
Hunt Valley, MD 21031
Phone:  410-584-2800
mward@downs-ward.com
*Attorneys for Plaintiff*
*Philadelphia Indemnity Insurance Company*